UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

EDDIE LEE THOMPSON,

    *Plaintiff,*

v.                                              Case No. 2:06-cv-239
                                                 HON. R. ALLAN EDGAR

INGHAM COUNTY CIRCUIT
COURT CLERK,

    *Defendant.*
_____/

## MEMORANDUM AND ORDER

      Plaintiff Eddie Lee Thompson (Thompson), a state prisoner in the custody of the Michigan Department of Corrections, brings this civil rights action under 42 U.S.C. § 1983. After initial review and screening of Thompson's *pro se* complaint, Magistrate Judge Timothy P. Greeley has submitted a report and recommendation pursuant to 28 U.S.C. § 636(b)(1) and W.D.Mich. LCivR 72.1. [Doc. No. 3]. The Magistrate Judge recommends that the complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e(c) for failure to state a claim upon which relief can be granted. It is further recommended that the dismissal of this action should count as a "strike" for purposes of 28 U.S.C. § 1915(g). Finally, the Magistrate Judge recommends the Court make a finding that there is no good faith basis for an appeal. 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

      Plaintiff Thompson objects to the report and recommendation. [Doc. No. 4]. After reviewing the record *de novo*, the Court concludes that Thompson's objects are without merit and are

1

**DENIED**. The Court **ACCEPTS and ADOPTS** the report and recommendation pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and W.D.Mich. LCivR 72.3(b). The Court will amplify and supplement the report and recommendation.

The complaint names the Clerk of the Ingham County Circuit Court in Ingham County, Michigan, as the sole defendant. The complaint alleges that on November 29, 2004, Thompson attempted to file a "Deposition Before Action" with attached interrogatories in the office of the Ingham County Circuit Court Clerk. Thompson received a letter from defendant dated December 15, 2004, indicating that his documents could not be accepted for filing without an accompanying complaint or petition. The defendant's letter further stated that if Thompson intended to file the documents in a closed civil case, File No. 03-860-AA which had been dismissed in the Ingham County Circuit Court on November 7, 2003, then Thompson needed to reference that case number on the documents he was seeking to file.

Thompson complains that defendant has violated his right of access to the courts protected under the First Amendment to the United States Constitution because the defendant rejected and refused to file his documents with the Ingham County Circuit Court. Thompson demands a declaratory judgment, injunctive relief, and compensatory damages.

After reviewing Thompson's complaint, the Court agrees with the Magistrate Judge that the complaint fails to state a claim upon which relief can be granted. The Court has reviewed the complaint in the light most favorable to Thompson and accepts all well-pleaded allegations of fact as being true.

Thompson argues that defendant had a ministerial duty to accept his documents for filing. He mistakenly cites and relies on Fed. R. Civ. P. 5(e) which provides in part that the Clerk of the

United States District Court "shall not refuse to accept for filing any paper presented for that purpose solely because it is not presented in proper form as required by these rules or any local rules or practices." Thompson is confused and fails to comprehend the proper application and reach of Fed. R. Civ. P. 5(e).

Thompson's reliance on Fed. R. Civ. P. 5(e) is entirely misplaced. This federal rule of civil procedure only applies to and governs the conduct and duties of Clerks of United States District Courts. Fed. R. Civ. P. 5(e) is not applicable to the defendant's official duties and conduct. Defendant Clerk of the Ingham County Circuit Court is governed by and must comply with the Michigan Court Rules (MCR) promulgated and adopted by the Supreme Court of Michigan, not the Federal Rules of Civil Procedure.

MCR 8.119(C) provides that the clerks of Michigan state courts may reject papers which do not conform to MCR 2.113(C)(1) and MCR 5.113(A)(1). When defendant Clerk of the Ingham County Circuit Court rejected and declined to accept for the filing the documents presented by Thompson (i.e. "Deposition Before Action" with attached interrogatories), defendant followed and complied with MCR 8.119(C).

MCR 2.303 provides the correct procedure under Michigan law for Thompson to seek court approval and authorization to take depositions before a civil action is filed. MCR 2.303(A) requires Thompson to file a "before action" petition to take depositions. The petition must contain certain specified facts, details, and information to enable the Michigan state court to make an informed decision. It appears from Thompson's instant complaint that he failed to comply with MCR 2.303(A) and he did not submit the necessary petition in the correct form to defendant. Consequently, defendant Clerk of the Ingham County Circuit Court had the authority and discretion

under MCR 8.119(C) to reject and decline to accept for the filing the incomplete, nonconforming documents presented by Thompson.

Based on the facts and circumstances alleged in the complaint, the defendant's actions do not amount to a violation or deprivation of Thompson's constitutional right of access to the courts. The complaint fails to state a viable claim that is actionable under 42 U.S.C. § 1983. Thompson was given adequate notice of what he needed to do to cure and resolve the problem. At all times Thompson had the ability to exercise his constitutional right of access to the Michigan state courts by simply preparing and submitting the petition required by MCR 2.303(A), but he failed to do so.

Accordingly, plaintiff Thompson's frivolous complaint shall be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e(c) on the ground that it fails to state a claim upon which relief can be granted. The dismissal of this frivolous action shall count as a strike for purposes of 28 U.S.C. § 1915(g). The Court finds that there is no good faith basis for appeal. 28 U.S.C. § 1915(a)(3); *see McGore*, 114 F.3d at 611. A separate judgment will be entered.

SO ORDERED.

Dated: October   19, 2006                              */s/ R. Allan Edgar*
                                                       R. ALLAN EDGAR
                                                       UNITED STATES DISTRICT JUDGE